THE CLOUD.
THE PATIENCE.
No. A-15661.

District Court, E. D. New York.
May 29, 1940.

Hagen & Eidenbach, of New York City, for libelant.

Macklin, Brown, Lenahan & Speer, of New York City (Leo F. Hanan, of New York City, of counsel), for claimant.

BYERS, District Judge.

On March 31, 1939, the claimant's tug Patience took the libelant's coal barge Cloud in tow alongside to port, at the Reading stakeboat abreast of the Statue of Liberty, at about 10:15 a.m., and delivered her at Court Street in the Gowanus Canal at 11:10 a.m. Recovery is sought herein for damage said to have been done to the Cloud during that 55-minute interval.

The barge was carrying 383 tons of coal, while her capacity is 600 tons. As towed, her freeboard was about 4 feet amidships, and the cause of the damage is claimed to have been that, as the trip was made, there was such rolling by the tug that her upper guard-rail hooked against the side of the barge, raising her deck and rail; that is the damage claim.

Findings.

A. At about 10:15 a.m. on March 31, 1939, the tug Patience towed the partially laden coal barge Cloud from the Read-

ing stakeboat in the upper New York harbor, to Gowanus Canal, Brooklyn.

The tide was ebb, 2 to 2½ miles, the weather was fair, with westerly wind of average velocity of 15 miles, and the waters of the Bay and Red Hook Channel were ruffled to customary extent only.

B. The libelant's barge Cloud is 105 feet long by 26 feet in beam, with 12 feet depth of sides, and is a wooden coal barge not less than thirty years in service; she was seaworthy and fit for the purpose in hand, and had been maintained in an adequate state of repair for hauling cargoes of coal in the waters of this Harbor.

C. The claimant's tug Patience is a steamtug, 122 feet long by 25 feet in beam, and 14 feet in depth, and has 750 horse-power engines.

D. The libel specifies fault in that:

(a) The towing was alongside instead of on hawsers.

(b) Failure of the tug to put out proper fenders between the vessels.

(c) Improper make-up of tow under existing weather conditions.

(d) Navigation at high and excessive speed.

(e) Failure to do anything to avoid the damage.

E. The libelant has failed to sustain its burden of proof.

## Discussion.

As to (d) and (e) above, the evidence disproves the allegations. The Patience proceeded at half speed for the entire distance, which does not exceed 3 miles, in 55 minutes. As soon as damage was claimed to have occurred, or to be threatened, the tug put over her port side a ball rope fender to prevent or minimize damage to the barge. That fender really pushed in a defective plank directly under the log rail in the stern quarter starboard side of the barge; the bargee could not say how far this was from the stern; if the plank had been sturdy, it is difficult to understand why it could not withstand contact with a rope fender.

As to towing alongside at all, there can be no doubt that it was proper. As to putting the barge in the weather berth, the evidence leaves the issue in doubt. Between the stakeboat and the end of Governors Island, the westerly wind was not shown to have caused rolling, or to have whipped up anything more than the usual harbor swells; the wind and tide were not opposed, and if the Cloud was too frail to weather such a towing at 3 miles per hour, the fault does not lie with the tug. As the trip was made, the second leg was southerly, from the end of Governors Island to the Gowanus Canal, and the wind was following.

The evidence was conflicting as to the number and positions of the fenders, as between the testimony of the bargee and for the tug. The evidence for the latter is the more persuasive, which means that sufficient and suitable fenders were put over side by the tug to insure the proper towing of the Cloud under the existing conditions.

## Conclusion.

The libel must be dismissed with costs. Settle decree.